No. 844

First Circuit

---

## HEBERT v. CULLOM

---

(October 7, 1931. Opinion and Decree.)

---

S. S. Reid, of Amite, attorney for plaintiff, appellee.

J. H. Inman, of Ponchatoula, attorney for defendant, appellant.

LeBLANC, J. This case presents a clear issue of fact which the trial court decided in favor of the plaintiff, and the defendant has appealed.

The suit grows out of an automobile accident which occurred in a settlement known as Wadesboro in the Seventh ward of Tangipahoa parish. Plaintiff was driving southward on the highway and was rounding a curve which led into another road running east and west. The defendant's car was being driven west on the east and west road, by his minor son Carl Cullom, who lived with him. Plaintiff charges that defendant's son was driving on the left-hand side of the highway, at a speed of not less than fifty miles per hour, and that he failed and refused to turn to the right when he met him, continuing to go at the same high rate of speed and struck his automobile on the left-hand side near the front, causing damage to the extent of $139.93 which he had to pay in order to have it repaired. In addition to this amount, he also demands the sum of $1 per day for the loss of the use of his car during the 37 days it was being repaired. His total claim therefore is for $176.93.

The defense is a denial of any negligence on the part of the driver of defendant's car and a charge of negligence on the part of plaintiff in having failed to bring his car to a full and safe stop before entering the intersection of the two roads. In a reconventional demand, the defendant asks for a judgment in the sum of $50

against plaintiff for damage to his automobile.

The testimony points to the negligence and carelessness of the young man driving the defendant's car.

The north and south road does not completely intersect the east and west road at the point where the collision occurred. Traffic on the north and south road must either drive east or west after reaching the other road. Plaintiff had already driven entirely across the east and west road when he was run into by defendant's son. He testifies that when he first saw the other car coming it was approximately forty or fifty feet away from him. There is no issue about who entered the intersection first. When he saw the Cullom car coming on at such a fast rate of speed on the left-hand side of the road, he drove his car almost into the ditch on the south side of the east and west road, which was his right-hand side, and gave the other car ample room in which to pass; but in spite of all his efforts to avoid a collision, defendant's car never took to the right of the road, kept coming on its left-hand side, and struck his car on the front door on the left side of the body. That there was plenty room for the defendant's car to have passed to the right is shown by the testimony of Mr. Vanrankin, driver of a school truck, who says that after the accident he drove his truck over the road, and passed between the two cars before either of them had been moved.

Defendant's son did not testify and no explanation is offered why he did not. Plaintiff's testimony as to the actual occurrence stands without any contradiction, and we have no reason to disbelieve it.

Besides, other witnesses, without interest whatever in the matter, testified that following the accident, Carl Cullom, defendant's son, stated in their presence that he was going fifty miles an hour, was looking at a suit of clothes belonging to his father, which was hanging in the rear of the car, and that he saw the other automobile too late to avert the collision. One of these witnesses also testifies positively that after his son Carl had practically admitted he was in the wrong, his father, the defendant, told the plaintiff to have his car fixed and that he would pay for the repairs. It appears also that he had two mechanics to make estimates of what these repairs would cost, and one of them, Mr. Prejean, says that after he had made his estimate, Mr. Cullom told him to do the work and he would pay the bill. Mr. Cullom, virtually admits that he so told Mr. Prejean as he wanted to avoid litigation, but later changed his mind as he became convinced that his son was not at fault. His counsel would have it appear that his offer to pay the repairs was in the nature of a compromise only by which he is not bound. In view of all the other testimony, however, we do not so regard it and consider it with the reported statements of his son as a further admission of liability.

The preponderance of the evidence strongly favors the plaintiff in the case, and as there is no dispute about the amount, the judgment will stand affirmed as it is.